UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE M. ARANA,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>Defendant. | No. 2:18-cv-2239 AC<br><br><br><br>**ORDER** |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34.[1] For the reasons that follow, plaintiff's motion for summary judgment will be DENIED, and defendant's cross-motion for summary judgment will be GRANTED.

## I. PROCEDURAL BACKGROUND

Plaintiff applied for DIB on December 30, 2016. Administrative Record ("AR") 24, 142.[2] The disability onset date was alleged to be April 9, 2014. Id. at 99. The application was

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986).
[2] The AR is electronically filed at ECF Nos. 10-3 to 10-30 (AR 1 to AR 1595).

1

disapproved initially and on reconsideration. Id. at 96. On February 18, 2018, ALJ Serena Hong presided over the hearing on plaintiff's challenge to the disapprovals. AR 94-124 (transcript). Plaintiff appeared with his counsel Richard A. Whitaker. AR 96. Robert Rathky, a Vocational Expert ("VE"), also testified at the hearing by telephone. Id. at 96, 118.

On April 9, 2018, the ALJ found plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d). AR 13-24 (decision), 25-29 (exhibit list). On July 17, 2018, after receiving Exhibit B30E, Representative Brief dated May 10, 2018, and Exhibit B14B, Request for Review dated May 14, 2018, as additional exhibits, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-6 (decision and additional exhibit list).

Plaintiff filed this action on August 16, 2018. ECF No. 1; see 42 U.S.C. § 405(g). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 5, 6. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 15 (plaintiff's summary judgment motion), 17 (Commissioner's summary judgment motion), 20 (plaintiff's reply).

## II. FACTUAL BACKGROUND

Plaintiff was born in 1963 and accordingly was, at age 49 and eight months, a younger person under the regulations at his alleged disability onset date of June 19, 2013.[3] AR 125. Plaintiff has at least a high school education and can communicate in English. AR 744, 928. Plaintiff was in the U.S. Army Reserves from 1981 to 2009 and worked as a postmaster for the U.S. Postal Service from 1984 to 2014. AR 419. Plaintiff was deployed to Iraq in 2004 and 2005. AR 115-16.

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'"

---

[3] See 20 C.F.R. § 404.1563(c) ("younger person").

Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted). Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Commissioner, 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV. RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI). Plaintiff is "disabled" if he is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 404.1520(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id. §§ 404.1520(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id. §§ 404.1520(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id. §§ 404.1520(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id. §§ 404.1520(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2019.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since April 9, 2014, the amended alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. [Step 2] The claimant has the following severe impairments: degenerative disc disease; right knee degenerative joint disease; right rotator cuff disorder; left shoulder tendonitis; and ventricular arrhythmia (20 CFR 404.1520(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. [Residual Functional Capacity ("RFC")] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except with no climbing ladders, ropes, or scaffolds; occasional postural activities; occasional overhead reaching with the bilateral upper extremities; and must avoid concentrated exposure to hazards.
>
> 6. [Step 4] The claimant is capable of performing past relevant work as a postmaster. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity. (20 CFR 404.1565).
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from April 9, 2014, through the date of this decision (20 CFR 404.1520(g)).

AR 17-24.

////

As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d). AR 24.

## VI. ANALYSIS

Plaintiff alleges that the ALJ erred by (1) improperly weighing evidence regarding his mental impairments at Step Two; (2) improperly weighing his Veterans Affairs ("VA") disability rating; and (3) improperly evaluating his and his wife's subjective testimony. ECF No. 15 at 3-18. Plaintiff requests that the decision be reversed and remanded to the Commissioner for further proceedings.

### A. Any Error at Step Two was Harmless

Plaintiff argues that the ALJ committed error at Step Two by rating his mental impairment as "nonsevere" for insufficient reasons, and that this error was not harmless. ECF No. 15 at 3. At Step Two, the ALJ was required to determine whether plaintiff had any "severe" impairments. See 20 C.F.R. § 404.1520(a)(4)(ii), (c); Titles II & XVI: Evaluation of Symptoms in Disability Claims (SSR 16-3p), 81 Fed. Reg. 14,166, 14,171 (March 16, 2016) ("[a] 'severe' impairment 'is one that affects an individual's ability to perform basic work-related activities'"). Step two is merely a threshold determination meant to screen out weak claims." Buck v. Berryhill, 869 F.3d 1040, 1048 (9th Cir. 2017) (citing Bowen v. Yuckert, 482 U.S. 137, 146–47 (1987).

The Step Two severity inquiry is "a de minimis screening device to dispose of groundless claims." Edlund v. Massanari, 253 F.3d 1152, 1158 (9th Cir. 2001), as amended on reh'g (Aug. 9, 2001). Once a claimant prevails at Step Two by achieving a finding of some severe impairment, regardless of which condition is found to be severe, the ALJ proceeds with the sequential evaluation, considering at each step all other alleged impairments and symptoms that may impact the claimant's ability to work. See 42 U.S.C. § 423(d)(2)(B); Buck, 869 F.3d at 1049 ("The RFC ... should be exactly the same regardless of whether certain impairments are considered 'severe' or not."). Thus, when an ALJ finds at least one severe impairment and proceeds to consider evidence of limitations posed by all of a claimant's impairments at Step Four, there is no reversible error for a failure to find additional severe impairments at Step Two.

6

See Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007); see also Buck, 869 F.3d at 1049 (where Step Two was decided in plaintiff's favor, he could not have been prejudiced and any error was therefore harmless).

Though the ALJ found plaintiff's mental impairments not severe, plaintiff could not have been prejudiced at Step Two because it was decided in his favor. The ALJ found that plaintiff had several "severe" impairments: "degenerative disc disease; right knee degenerative joint disease; right rotator cuff disorder; left shoulder tendonitis; and ventricular arrythmia." AR 17. Step Two was thus decided in plaintiff's favor. The ALJ went on to expressly consider plaintiff's mental limitations at Step Four, including their potential impact on the RFC finding. AR 19-23. For example, in the RFC analysis the ALJ noted that plaintiff was managing his mental health symptoms well, including his alleged difficulty with crowds and conflict, while engaging in life activities such as going on a cruise, volunteering at a children's program, and attending his daughter's wedding. AR 20, 1099, 1417, 1444, 1511, 1524. The ALJ also noted that plaintiff had never been fired or laid off due to problems getting along with authority figures or others. AR 20. The ALJ expressly discussed and rejected a letter drafted by plaintiff's therapist. AR 22. Because his mental impairments were considered at Step Four after a Step Two finding that he had other severe impairments, plaintiff was not prejudiced by any Step Two error. Accordingly, there is no basis for reversal.

B. The ALJ Properly Considered Plaintiff's Physical Impairments and the VA Decision

Plaintiff argues that the ALJ did not properly consider his shoulder and neck limitations because the ALJ "failed to consider and account for the underlying evidence supporting the VA rating decision." ECF No. 15 at 13. Generally, an ALJ "must consider the VA's finding in reaching [her] decision" and "must ordinarily give great weight to a VA determination of disability." Luther v. Berryhill, 891 F.3d 872, 876 (9th Cir. 2018) (citing McLeod v. Astrue, 640 F.3d 881, 886 (9th Cir. 2011)). However, VA ratings are "not conclusive" and an ALJ "may give less weight to a VA rating 'if [she] gives persuasive, specific, [and] valid reasons for doing so that are supported by the record.'" Luther, 891 F.3d at 876-77 (quoting Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 695 (9th Cir. 2009) (internal quotations omitted.))

Here, the ALJ noted in relevant part that the VA had determined the claimant was disabled "20% for right shoulder rotator cuff tear, 10% for left shoulder tendonitis . . . 30% for cervicalgia [(neck injury)] status post crevicular anterior discectomy and interbody fusion[.]" AR 21-22. While the ALJ did limit the weight given to the VA's determination on plaintiff's disability related to mental limitations, she expressly found "that the physical limitations indicated are generally consistent with the record and the level of disability indicated, and while not directly correlated to the disability assessment under the Social Security Act, the report is consistent with light work and with the claimant's ability to work on an ongoing, full-time basis for many years despite the physical impairments discussed." AR 22.

Plaintiff argues that the ALJ failed to "consider and account for the underlying evidence supporting the VA decision," but this argument falls flat where the ALJ expressly credited the VA's disability rating as to the physical limitations at issue and applied them to the RFC. ECF No. 15 at 13. The undersigned agrees with the Commissioner that the evidence considered by the VA was necessarily accounted for by the ALJ, because the ALJ accepted the VA's conclusion on physical limitations in determining the RFC. See Champagne v. Colvin, 582 Fed. App'x. 696, 697 (9th Cir. 2014) (unpublished) (affirming where claimant "identified no *additional* medically necessary limitation that should have been included in the residual functional capacity") (emphasis added) (citing Shinseki v. Sanders, 556 U.S. 396, 409–10 (2009)). Plaintiff argues, in effect, that the ALJ should not merely have accepted the VA's disability rating (which, in relevant part, she did), but should have *rejected* that rating by re-evaluating the evidence presented to the VA and reaching a conclusion of *greater* disability than the one reflected in the VA determination. The logic of plaintiff's argument is inconsistent with the case law on which plaintiff relies, providing that the "ALJ must ordinarily give great weight to a VA determination of disability." McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002). Plaintiff's argument cannot succeed; there is no error here.

C. The ALJ Properly Evaluated the Subjective Testimony

Plaintiff alleges that the ALJ did not properly consider the subjective testimony provided by both the plaintiff and his wife. ECF No. 15 at 15. In particular, plaintiff argues that the ALJ

failed to provide "specific, clear, and convincing" reasons for discounting plaintiff's subjective testimony regarding his symptoms, and "germane" reasons for discounting his wife's testimony. Id. at 16. The court disagrees.

1. Plaintiff's Testimony Was Properly Discounted

An ALJ must conduct a two-step analysis when determining credibility regarding a plaintiff's subjective pain or symptom testimony:

> "To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could have reasonably caused some degree of that symptom. Thus the ALJ may not reject subjective testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> "Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so."

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted). However, "an ALJ cannot be required to believe every allegation of disabling pain." Fair v. Bowen, 885 F.3d 597, 603 (9th Cir. 1989). So, "[w]hile a claimant need not 'vegetate in a dark room 'in order to be eligible for benefits. . . the ALJ may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting." Molina v. Astrue, 674 F.3d 1104, 1112-13 (9th Cir. 2012) (citations omitted). "The ALJ may consider at least the following factors when weighing the claimant's credibility: claimant's reputation for truthfulness, inconsistencies either in claimant's testimony or between her testimony and her conduct, claimant's daily activities, her work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which claimant complains. If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." Thomas, 278 F.3d at 959.

9

In this case, the ALJ found that while the plaintiff did have impairments that could "reasonably be expected to cause the alleged symptoms," the claimant's statements regarding the "intensity, persistence, and limiting effects of those symptoms" were not consistent with the evidence in the record as a whole. AR 21. The ALJ based this conclusion in part on plaintiff's activities of daily living, citing specific activities that he participated in. The ALJ noted that plaintiff "goes to the gym several times a week, attends group therapy sessions at the VA, and has done volunteer work at a school," as well as going "camping with other veterans" and going on a "cruise," contradicting his testimony that he avoids people. AR 20-21, 111, 1099, 1179, 1511, 114-15, 1524. The ALJ noted plaintiff's testimony that he had had a difficult time volunteering and on the cruise, but also that he "managed his symptoms well" and "tolerated conflicts well" during both events according to the medical evidence. Id. The ALJ pointed to treatment notes regarding the camping trip (AR 1516), the wedding (AR 1524, "reports multiple triggers during daughter's recent wedding . . . [claimant] navigate [sic] situation and managed symptoms well . . . Overall, very pleasant experience"), and the cruise (AR 1512, "recently returned from cruise, tolerated conflict . . . well") with enough specificity to justify discounting plaintiff's subjective testimony at the hearing. See Molina, 674 F.3d at 1112.

Further, the ALJ found with respect to plaintiff's physical functioning that the severity alleged in his testimony was not supported by the medical record. AR 20-23; see 20 C.F.R. § 404.1529(c)(2). Plaintiff's physical examinations were inconsistent with his allegations. AR 20, see, e.g., 742, 752. For example, plaintiff alleged that he had a limited ability to walk. AR 20, 315, 742, 752. However, consultative examiner Dr. Nicole Hermann noted that plaintiff did not require assistance to ambulate, and Dr. Roger Wagner noted that Plaintiff had a normal gait and station and was able to perform toe-to-heel walking. AR 20, 742, 751-52 (noting plaintiff carried a cane "without really leaning on it."). Inconsistency with medical evidence is an appropriate reason to discount a plaintiff's opinion. Thomas, 278 F.3d at 959.

For all these reasons, the court finds no error.

### 2. The ALJ Properly Discounted Yvette Fruta-Arana's Testimony

"The ALJ may discount testimony from [third party subjective] sources if the ALJ gives

10

reasons germane to each witness for doing so." Molina, 674 F.3d at 1111.  Here, the ALJ provided "germane" reasons for discounting the claimant's wife's testimony, citing inconsistencies between her testimony and plaintiff's testimony as well as between her testimony and the overall record.  AR 23.  The ALJ noted that Ms. Fruta-Arana indicated that claimant had been in pain since returning from Iraq, which was inconsistent with plaintiff's ability to work for many years afterward; similarly, the witness indicated that the claimant "only wants to stay home," but also stated that he regularly attends appointments, goes shopping, and goes to church.  Id.

It is true that a claimant need not be "utterly incapacitated to be eligible for benefits." Fair, 885 F.2d at 603 (citing Howard v. Heckler, 782 F.2d 1484, 1488 (9th Cir. 1986); Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984)).  However, "contradictory testimony" is a valid "germane reason" to discredit the testimony of lay witnesses.  Lewis, 236 F.3d at 511-12 (9th Cir. 2001).  The ALJ did not base claimant's non-disability finding simply on his ability to attend appointments, go shopping, and go to church; rather, she discounted the lay witness testimony based on inconsistent statements and findings in the overall record.  There is no error here.

## VII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 15), is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 17), is GRANTED;

3. The Clerk of the Court shall enter judgment for the Commissioner, and close this case.

DATED: November 5, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

11